CHRISTOPHER B. DOLAN, State Bar No. 1653581
RACHEL PUSEY, State Bar No. 224880
The Dolan Law Firm
78 First Street
San Francisco, California 94105
Tel: (415) 421-2800
Fax: (415) 421-2830
E-mail: chris@cbdlaw.com; rachel@cbdlaw.com
Attorneys for Plaintiff
JENNIFER LARSON

MELINDA S. RIECHERT, State Bar No. 65504
SHANNON E. THORNE, State Bar No. 215609
Morgan, Lewis & Bockius LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2212
Tel: 650.843.4000
Fax: 650.843.4001
E-mail: mriechert@morganlewis.com
Attorneys for Defendants
DIAGEO NORTH AMERICA, INC.; MAURA
TANCREDI; PHIL GERVASI; and JIM CLERKIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LARSON,<br><br>Plaintiff,<br><br>vs.<br><br>DIAGEO NORTH AMERICA, INC., a Connecticut Corporation; TONY MURPHY, an individual; PHIL GERVASI, an individual; JIM CLERKIN, an individual; MAURA TANCREDI, an individual; and DOES 1-50,<br><br>Defendants. | Case No. C-05-02663 PJH<br><br>**STIPULATED PROTECTIVE ORDER** |

In connection with the above-captioned action, Plaintiff Jennifer Larson ("Plaintiff") and

Defendants DIAGEO North America, Inc., Maura Tancredi, Phil Gervasi, and Jim Clerkin

("Defendants") stipulate and petition the court to enter the following Stipulated Protective Order

("Order") in this action:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3564594.1
1-PA/3564594.1

STIPULATED PROTECTIVE ORDER
(C-05-02663 PJH)

1    **1.     PURPOSES AND LIMITATIONS**

2              Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public

4    disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

5    The parties acknowledge that this Order does not confer blanket protections on all disclosures or

6    responses to discovery and that the protection it affords extends only to the limited information or

7    items that are entitled under the applicable legal principles to treatment as confidential.  The

8    parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective

9    Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5

10   sets forth the procedures that must be followed and reflects the standards that will be applied

11   when a party seeks permission from the court to file material under seal.

12   **2.     DEFINITIONS**

13             **2.1     Party**:  any party to this action, including all of its officers, directors,

14   employees, consultants, retained experts, and outside counsel (and their support staff).

15             **2.2     Disclosure or Discovery Material**:  all items or information, regardless of

16   the medium or manner generated, stored, or maintained (including, among other things,

17   testimony, transcripts, or tangible things) that are produced or generated in disclosures or

18   responses to discovery in this matter.

19             **2.3     "Confidential" Information or Items**:  information (regardless of how

20   generated, stored or maintained) or tangible things that qualify for protection under standards

21   developed under F.R.Civ.P. 26(c).

22             **2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items**:

23   extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

24   nonparty would create a substantial risk of serious injury that could not be avoided by less

25   restrictive means.

26             **2.5     Receiving Party**:  a Party that receives Disclosure or Discovery Material

27   from a Producing Party.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3564594.1
1-PA/3564594.1                              2                    STIPULATED PROTECTIVE ORDER
                                                                     (C-05-02663 PJH)

1    **2.6**    <u>**Producing Party**</u>:  a Party that produces Disclosure or Discovery Material

2    in this action.

3    **2.7**    <u>**Designating Party**</u>:  a Party that designates information or items that it

4    produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential -

5    Attorneys' Eyes Only."

6    **2.8**    <u>**Protected Material**</u>:  any Disclosure or Discovery Material that is

7    designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

8    **2.9**    <u>**Outside Counsel**</u>:  attorneys who are not employees of a Party but who are

9    retained to represent or advise a Party in this action.

10    **2.10**    <u>**House Counsel**</u>:  attorneys who are employees of a Party.

11    **2.11**    <u>**Counsel (without qualifier)**</u>:  Outside Counsel and House Counsel (as

12    well as their support staffs).

13    **2.12**    <u>**Expert**</u>:  a person with specialized knowledge or experience in a matter

14    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

15    witness or as a consultant in this action.  This definition includes a professional jury or trial

16    consultant retained in connection with this litigation.

17    **2.13**    <u>**Professional Vendors**</u>:  persons or entities that provide litigation support

18    services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

19    organizing, storing, retrieving data in any form or medium; etc.) and their employees and

20    subcontractors.

21    **3.**    <u>**SCOPE**</u>

22    The protections conferred by this Stipulation and Order cover not only Protected

23    Material (as defined above), but also any information copied or extracted therefrom, as well as all

24    copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

25    presentations by parties or counsel to or in court or in other settings that might reveal Protected

26    Material.

27

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3564594.1
1-PA/3564594.1

3

STIPULATED PROTECTIVE ORDER
(C-05-02663 PJH)

1    **4.**    **DURATION**

2          Even after the termination of this litigation, the confidentiality obligations imposed

3    by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a

4    court order otherwise directs.

5    **5.**    **DESIGNATING PROTECTED MATERIAL**

6          **5.1**    **Exercise of Restraint and Care in Designating Material for Protection**

7                Each Party that designates information or items for protection under this

8    Order must take care to limit any such designation to specific material that qualifies under the

9    appropriate standards.  A Designating Party must take care to designate for protection only those

10   parts of material, documents, items, or oral or written communications that qualify – so that other

11   portions of the material, documents, items, or communications for which protection is not

12   warranted are not swept unjustifiably within the ambit of this Order.

13                Mass, indiscriminate, or routinized designations are prohibited.  Designations that

14   are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

15   unnecessarily encumber or retard the case development process, or to impose unnecessary

16   expenses and burdens on other parties), expose the Designating Party to sanctions.

17          If it comes to a Party's attention that information or items that it designated for

18   protection do not qualify for protection at all, or do not qualify for the level of protection initially

19   asserted, that Party must promptly notify all other parties that it is withdrawing the mistaken

20   designation.

21          **5.2**    **Manner and Timing of Designations.**  Except as otherwise provided in

22   this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

23   ordered, material that qualifies for protection under this Order must be clearly so designated

24   before the material is disclosed or produced.

25          Designation in conformity with this Order requires:

26          **(a)**    **for information in documentary form** (apart from transcripts of

27   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

28   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3564594.1
1-PA/3564594.1

4

STIPULATED PROTECTIVE ORDER
(C-05-02663 PJH)

of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)  **for testimony given in deposition or in other pretrial or trial proceedings,** that the Party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3564594.1
1-PA/3564594.1

5

STIPULATED PROTECTIVE ORDER
(C-05-02663 PJH)

1  protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

2  EYES ONLY").  Only those portions of the testimony that are appropriately designated for

3  protection within the 20 days shall be covered by the provisions of this Stipulated Protective

4  Order.

5       Transcript pages containing Protected Material must be separately bound

6  by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL"

7  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party

8  offering or sponsoring the witness or presenting the testimony.

9       **(c)** **for information produced in some form other than**

10  **documentary, and for any other tangible items,** that the Producing Party affix in a prominent

11  place on the exterior of the container or containers in which the information or item is stored the

12  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If

13  only portions of the information or item warrant protection, the Producing Party, to the extent

14  practicable, shall identify the protected portions, specifying whether they qualify as

15  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

16      **5.3** **Inadvertent Failure to Designate**.  If timely corrected, an inadvertent

17  failure to designate qualified information or items as "Confidential" or "Highly Confidential –

18  Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

19  protection under this Order for such material.  If material is appropriately designated as

20  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially

21  produced, the Receiving Party, on timely notification of the designation, must make reasonable

22  efforts to assure that the material is treated in accordance with the provisions of this Order.

23     **6.**  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

24      **6.1** **Timing of Challenges**.  Unless a prompt challenge to a Designating Party's

25  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

26  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

27  waive its right to challenge a confidentiality designation by electing not to mount a challenge

28  promptly after the original designation is disclosed.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3564594.1
1-PA/3564594.1

6

STIPULATED PROTECTIVE ORDER
(C-05-02663 PJH)

**6.2** **Meet and Confer**.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**6.3** **Judicial Intervention**.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1** **Basic Principles**.  A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3564594.1
1-PA/3564594.1

7

STIPULATED PROTECTIVE ORDER
(C-05-02663 PJH)

1    Protected Material must be stored and maintained by a Receiving Party at a

2 location and in a secure manner that ensures that access is limited to the persons authorized under

3 this Order.

4    **7.2    Disclosure of "CONFIDENTIAL" Information or Items**.  Unless

5 otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

6 Party may disclose any information or item designated CONFIDENTIAL only to:

7        **(a)**    the Receiving Party's Outside Counsel of record in this action, as

8 well as employees of said Counsel to whom it is reasonably necessary to disclose the information

9 for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

10 attached hereto as Exhibit A;

11        **(b)**    the Court and its personnel;

12        **(c)**    court reporters, their staffs, and professional vendors to whom

13 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

14 Bound by Protective Order" (Exhibit A);

15        **(d)**    during their depositions, witnesses in the action to whom disclosure

16 is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

17 (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

18 Protected Material must be separately bound by the court reporter and may not be disclosed to

19 anyone except as permitted under this Stipulated Protective Order.

20        **(e)**    the author of the document or the original source of the

21 information.

22    **7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**

23 **ONLY" Information or Items**.  Unless otherwise ordered by the court or permitted in writing by

24 the Designating Party, a Receiving Party may disclose any information or item designated

25 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

26        **(a)**    the Receiving Party's Outside Counsel of record in this action, as

27 well as employees of said Counsel to whom it is reasonably necessary to disclose the information

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3564594.1
1-PA/3564594.1                                8                        STIPULATED PROTECTIVE ORDER
                                                                        (C-05-02663 PJH)

1  for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

2  attached hereto as Exhibit A;

3          **(b)**      Experts (as defined in this Order) (1) to whom disclosure is

4  reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by

5  Protective Order" (Exhibit A);

6          **(c)**      the Court and its personnel;

7          **(d)**      court reporters, their staffs, and professional vendors to whom

8  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

9  Bound by Protective Order" (Exhibit A); and

10          **(e)**      the author of the document or the original source of the

11  information.

12  **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
          IN OTHER LITIGATION**

13

14          If a Receiving Party is served with a subpoena or an order issued in other litigation

15  that would compel disclosure of any information or items designated in this action as

16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

17  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

18  and in no event more than three court days after receiving the subpoena or order.  Such

19  notification must include a copy of the subpoena or court order.

20          The Receiving Party also must immediately inform in writing the Party who

21  caused the subpoena or order to issue in the other litigation that some or all the material covered

22  by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party

23  must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action

24  that caused the subpoena or order to issue.

25          The purpose of imposing these duties is to alert the interested parties to the

26  existence of this Protective Order and to afford the Designating Party in this case an opportunity

27  to try to protect its confidentiality interests in the court from which the subpoena or order issued.

28  The Designating Party shall bear the burdens and the expenses of seeking protection in that court

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3564594.1
1-PA/3564594.1                          9                    STIPULATED PROTECTIVE ORDER
                                                                  (C-05-02663 PJH)

1   of its confidential material – and nothing in these provisions should be construed as authorizing or

2   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

3   **9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

4   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

5   Protected Material to any person or in any circumstance not authorized under this Stipulated

6   Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

7   Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

8   Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

9   terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

10   Agreement to Be Bound" that is attached hereto as Exhibit A.

11   **10.     FILING PROTECTED MATERIAL**

12   Without written permission from the Designating Party or a court order secured

13   after appropriate notice to all interested persons, a Party may not file in the public record in this

14   action any Protected Material.  A Party that seeks to file under seal any Protected Material must

15   comply with Civil Local Rule 79-5.

16   **11.     FINAL DISPOSITION**

17   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

18   days after the final termination of this action, each Receiving Party must return all Protected

19   Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all

20   copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of

21   the Protected Material.  With permission in writing from the Designating Party, the Receiving

22   Party may destroy some or all of the Protected Material instead of returning it.  Whether the

23   Protected Material is returned or destroyed, the Receiving Party must submit a written

24   certification to the Producing Party (and, if not the same person or entity, to the Designating

25   Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected

26   Material that was returned or destroyed and that affirms that the Receiving Party has not retained

27   any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of

28   the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3564594.1
1-PA/3564594.1

10

STIPULATED PROTECTIVE ORDER
(C-05-02663 PJH)

1  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

2  work product, even if such materials contain Protected Material.  Any such archival copies that

3  contain or constitute Protected Material remain subject to this Protective Order as set forth in

4  Section 4, above.

5      **12.**    **MISCELLANEOUS**

6         **12.1**    **Right to Further Relief**.  Nothing in this Order abridges the right of any

7  person to seek its modification by the Court in the future.

8         **12.2**    **Right to Assert Other Objections**.  By stipulating to the entry of this

9  Protective Order no Party waives any right it otherwise would have to object to disclosing or

10  producing any information or item on any ground not addressed in this Stipulated Protective

11  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

12  the material covered by this Protective Order.

13  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

14

15  DATED:  _November 16, 2005_        _Pusey_

16                           Christopher B. Dolan

                         Rachel Pusey

17                           Attorneys for Plaintiff

                         JENNIFER LARSON

18  DATED:  _11|17|05_        _Shannon Thorne_

19                           Melinda S. Riechert

20                           Shannon E. Thorne

                         Attorneys for Defendants

21                           DIAGEO NORTH AMERICA, INC.; MAURA

                         TANCREDI; PHIL GERVASI; and JIM

22                           CLERKIN

23  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

24  DATED:  __11/18/05__

25                           Judge Phyllis J. Hamilton

                         United States District Judge

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3564594.1
1-PA/3564594.1

11

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Jennifer Larson v. Diageo North America, Inc., et al.*, Case No. C-05-02663 PJH.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Executed this ____ day of _____, 2005/2006, at _____.

_____
Name (print)

_____
Signature

_____
Address

_____

_____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3564594.1
1-PA/3564594.1

12

STIPULATED PROTECTIVE ORDER
(C-05-02663 PJH)

**SERVICE LIST FOR ALL COUNSEL**

For Plaintiff:

Christopher B. Dolan, CSB No. 165358
Rachel M. Pusey, CSB No. 224880
THE DOLAN LAW FIRM
The Dolan Building
78 First Street
San Francisco, CA 94105
Phone:  (415) 421-2800
Fax:  (415) 421-2830
E-mail:  chris@cbdlaw.com; rachel@cbdlaw.com

For Defendant:

Melinda S. Riechert, CSB No. 65504
Shannon E. Thorne, CSB No. 215609
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2212
Tel:  650.843.4000
Fax:  650.843.4001
E-mail:  mriechert@morganlewis.com; sthorne@morganlewis.com

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3564594.1
1-PA/3564594.1

13

STIPULATED PROTECTIVE ORDER
(C-05-02663 PJH)